LOWANDE *v*. GARCÍA ET AL.

APPEAL from the District Court of San Juan.

No. 110.—Decided May 3, 1907.

JURISDICTION—VALUE OF THE THING SOUGHT TO BE RECOVERED—USE OF THE SAME.—Where the value of the thing sought to be recovered is not sufficient to give jurisdiction to the court, such court must be deemed to be without jurisdiction, and it can not be successfully alleged that only the use of the thing is sought to be recovered and that the value of such use is sufficient to give the court jurisdiction, because it can not be presumed that the value of the use of a thing is greater than the value of the thing itself.

ID.—MUNICIPAL COURTS—DISTRICT COURTS.—The jurisdiction of municipal courts in all civil cases prosecuted within their districts up to the sum of $500, including interest, is exclusive, and it can not be successfully maintained in such cases that the jurisdiction of the district and municipal courts is concurrent.

ID.—INJUNCTION.—The writ of injunction must not be confused with the action itself and it must always stand or fall according to the result of the latter; the injunction is an extraordinary and urgent remedy designed to prevent irreparable damage, and as such damage may result in cases coming within the jurisdiction of municipal courts as well as those coming from within the jurisdiction of district courts, and as only the district court and the Supreme Court have the power to issue writs of injunction, it is evident that the district courts have jurisdiction to issue such writs no matter what may be the amount involved in the action.

CONTRADICTORY EVIDENCE—FINDING OF THE INFERIOR COURT—APPEAL.—Where the evidence is conflicting the finding of the inferior court thereon must be accepted by the appellate court.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Díaz Navarro* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

On August 22, 1906, Tony Lowande, through Attorney José de Guzmán Benítez, filed a complaint in the District Court of San Juan against Manuel A. García and Messrs. Otero & Co., in which the plaintiff alleged:

First. A certain contract entered into with Manuel A. García by which they mutually obligated themselves to furnish each other with certain films for exhibition in their respective cinematographs, especially and with preference to any other, one entitled "The Wedding of the King of Spain."

Second. That the plaintiff complied with his part of the agreement and that the defendant, Manuel A. García, did not do so entirely, inasmuch as he did not send him, for the purpose stated, the film above mentioned; but, on the contrary, sent it to Messrs. Otero & Co. for exhibition, such act causing plaintiff serious loss.

Third. That these men, with a knowledge of the contract entered into with Manuel A. García, accepted this film, ad-

vertised its exhibition and proposed to exhibit it on the night of August 22, 1906, the date of the complaint.

With these antecedents as essential facts, the plaintiff, Tony Lowande, concluded with the prayer that judgment be entered, adjudging Manuel A. García to deliver to him the film called "The Wedding of the King of Spain," for exhibition in his cinematograph, in preference to Messrs. Otero & Co. or any other similar enterprise, inasmuch as he had improperly and unlawfully delivered it to said Otero & Co.; and that at the same time the latter be enjoined from exhibiting it because the plaintiff had a preferred right to the use thereof, and that both parties defendant be adjudged to pay the costs.

On the same date, and before the defendants had been summoned—that is to say, on August 22, 1906—Tony Lowande, on the ground of the forgoing complaint and the serious loss which would be caused him, prayed that, after furnishing bond, an injunction, together with any other proper orders, issue against Messrs. Otero & Co. and Manuel A. García, to restrain them during the pendency of this action and immediately from the service of the writ, from exhibiting or permitting others to exhibit in the cinematograph of said defendants, Otero & Co., operated in San Juan, or in any other, the film entitled "The Wedding of the King of Spain," which said parties have on this date in their possession, as set forth and alleged in the complaint.

Bond was furnished and the writ of injunction was issued.

Otero & Co., through Attorney Herminio Díaz Navarro, taking as a basis the said complaint of Tony Lowande, an affidavit and section 10 of the Act of March 8, 1906, filed a petition on August 23 of said year, praying that the injunction be vacated, dissolved or set aside, with the costs against Lowande, and reserving their rights against the bond to recover damages incurred through his unwarranted action.

In the affidavit to which we have made reference, Manuel Otero, representing Otero & Co., alleges that the film called

"The Wedding of the King of Spain" was bought by Otero & Co. of Federico Vidal for $98, which was its just value, which price they delivered to the vendor at the time of the purchase, and that at that time neither the affiant nor the parties he represented had any knowledge of the contract which it is alleged in the complaint was entered into between Tony Lowande and Manuel A. García; and that even had they known it they would not have hesitated at all in purchasing it, inasmuch as they were not purchasing nor did they purchase it, of García, but of Vidal.

On August 31, 1906, the court of San Juan, taking into consideration the allegations of the parties, the evidence and the arguments, held that the plaintiff was not entitled to the injunction which he had applied for and obtained against the defendants, and therefore dissolved it, the prohibition against Otero & Co. and Manuel García to exhibit in their own cinematographs, or in any other, the film called "The Wedding of King Alfonso XIII", ceasing. The court further ordered that the plaintiff pay the costs, reserving to the defendants their rights under said decision, and directed that the film which had been deposited with the secretary of the court be returned to them.

The plaintiff, Tony Lowande, requested the judge to put in writing the opinion on which the foregoing judgment was based, and on November 16, 1906, the judge prepared it, stating that as the primary reason the fact that the film, the delivery of which is claimed, is not worth more than $98, and for this reason the writ of injunction should be vacated, because this was not a matter within the jurisdiction of the district court, but of the municipal court; and according to the act in force relating to injunctions, they may be issued only by the Supreme and District courts to enforce their jurisdiction.

Tony Lowande took an appeal from the decision dissolving the injunction.

The record has been received here with a statement of

facts approved by the judge, and it appears therefrom that a large number of witnesses testified; that telegrams, letters, a receipt and a notarial demand upon Otero & Co. to refrain from exhibiting the film entitled "The Wedding of the King of Spain", had been presented as evidence.

The appellant filed his brief and the two aforementioned attorneys made oral arguments at the hearing.

So that the first point submitted to us for consideration is the following:

Is the reason alleged by the Judge of the District Court of San Juan as a ground for the annulment or dissolution of the preliminary injunction which he issued—that is to say, lack of jurisdiction because the value of the film does not exceed $98, admissible?

A distinction must be made between the complaint filed and the application for an injunction.

There is no question of the fact that the judge of the district court did not have jurisdiction to take cognizance of the complaint as to Otero & Co., as it has been shown beyond doubt that it is sought to recover from them the delivery of a thing the value of which does not exceed $98, and the allegation that all that it is sought to recover is the use of that thing can not be maintained, because we can not presume that the value of the use of a thing is higher than the value of the thing itself.

Section 4 of the act reorganizing the judiciary of Porto Rico, approved March 10, 1904, provides:

"The municipal judges shall have jurisdiction in all civil matters in their districts to the amount of $500, including interest.

The word "all" employed in the act appears to demonstrate the fact that when the amount determined by said act is involved, the original jurisdiction of the municipal courts is exclusive, and, consequently, it can not be affirmed in these cases that the jurisdiction of the districts courts is concurrent with that of the municipal courts.

The unanimous opinion on this point of the courts of the Island, the attorneys and parties exercising their rights, clearly reveal that such and none other is the reasonable interpretation of the provision cited.

But if we consider in deciding this point our historic law of procedure, we will find that article 714 of the former Law of Civil Procedure provided that municipal judges were the only one who had jurisdiction to take cognizance at an oral trial of all actions when the amount involved therein did not exceed 1,000 *pesetas;* in cases in excess of this amount the Judges of First Instance alone could assume original jurisdiction.

Article 54 of said law limited the extension of civil jurisdiction to the judges or courts who, by reason of the matter, the amount involved in the action and their rank in the judiciary, could take cognizance of the matter submitted to it.

Then came General Order No. 118 of August 15, 1899, which organized and regulated the functions of the courts of justice of the Island. Section 26 provided that municipal judges shall have cognizance of all litigation where the amount at stake between litigants does not exceed $400 United States currency. Section 47 provided that all civil litigation between parties, when the amount exceeds $400 United States currency, shall be heard and decided before the proper district court. And section 49 provided that in these cases the claim must be filed in the district court.

Therefore, it is also clearly seen here that there never has been concurrent original jurisdiction in the district and municipal courts to take cognizance of matters in which the amount involved was less than 1,000 *pesetas* or $400 United States currency.

We believe, we repeat, that at the present time the district courts do not have original jurisdiction to take cognizance in concurrence with municipal judges of actions when the amount involved therein does not exceed $500, including interest.

It is to be deduced from all this that the District Court of San Juan did not have jurisdiction to take cognizance of the complaint of Tony Lowande against Otero & Co. But did it have jurisdiction to take cognizance of the injunction? Undoubtedly so. Could it dissolve or annul it on the ground that it did not have jurisdiction on account of the value of the film? Undoubtedly not. Then, on this ground alone, the decision appealed from could not be upheld.

An injunction is not an action which can be confused with the action itself and which must follow the same fate. An injunction is an extraordinary and special remedy to prevent irreparable injury. This damage may come alike in a matter under the jurisdiction of a municipal judge as in matters under the jurisdiction of district judges.

But, as according to section 2 of the Act approved March 8, 1906, injunctions may be issued only by the Supreme Court, or a judge thereof—to enforce the jurisdiction of said court, and by judges of district courts in all cases in which such process may be properly issued, the result would be that throught the limitation of the amount all persons would be prejudiced whose complaint came under the jurisdiction of the municipal judges, because the latter are not authorized to issue writs of injunction. This would be an irritating privilege in favor of those whose claims came under the jurisdiction of district courts. This can not be, because where there is prospective injury there must be a remedy by way of injunction whatever be the value of the thing claimed.

Under the law, judges of district courts must consiaer only the propriety or impropriety of the injunction, without considering the jurisdiction on account of the amount involved.

The Judge of the District Court of San Juan in dissolving or annulling the preliminary injunction also based his decision on the fact that "the evidence showed that although

Otero & Co. had a certain knowledge of the contract between Lowande and Manuel A. García, it cannot be affirmed that they knew all the terms of the contract or its clauses and stipulations, and especially the time of its duration, to be able to state in the event of their having purchased said film of Manuel García that they knew of the contract and that Otero & Co. were knowingly attempting to prejudice Lowande, conspiring for the purpose with García. The evidence also showed, says the judge, that Otero & Co. purchased the films through their representative in Cayay from a person other than García, and that it was brought to San Juan by a person named Vidal, who received the price thereof from Otero & Co., and that he signed a bill of sale therefor. So that the film in question does not appear to have been purchased of Manuel A. García, but of a different person.''

And the statement of facts, which has been presented in legal form, shows the same thing.

The attorney for the appellant affirmed at the hearing that the evidence was contradictory, but even in this case the decision of the judge before whom all the evidence was taken must be upheld, because he was the only one who could reconcile the contradictions so as to ascertain the truth. This is the sounder doctrine and should be applied by an appellate court, and it was so held in the case of the *Estate of Iglesias* v. *Gorgonio Bolívar y Alvarez*, decided December 12, 1906, in which Mr. Justice Wolf delivered the opinion.

Hence, merely for the reasons shown by the evidence, the judgment rendered by the District Court of San Juan on August 31, 1906, annulling or dissolving the preliminary injunction issued in this case, should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Wolf also concurred, filing a separate concurrent opinion.

CONCURRING OPINION OF MR. JUSTICE WOLF.

In this case a complaint was filed and subsequently an application was made for an injunction. After an investigation of the law organizing the judiciary of the Island as well as the practice that existed under Spanish rule and the military organization, I have become convinced that the district court cannot entertain original jurisdiction where the amount involved is less than $500. A different state of things prevails where a new remedy like that of injunction or *mandamus* has been specially put into the power of the district court. No such jurisdiction has been conferred on the municipal courts and the district courts are then the lowest courts which can take notice of an application for the extraordinary writ of injunction. Where the object of a complaint is to obtain a writ of injunction the district court can in a proper case entertain jurisdiction even if the amount involved is less than $500. But it is otherwise where the primary object of the suit is for some other purpose and the injunction is a mere incident of the suit and filed independently of the complaint. In such case if the court is without jurisdiction to entertain the principal suit the defect of jurisdiction extends to all the incidents of the same. A litigant can easily avoid this obstacle by making the injunction the object of his suit. As the court below decided that it did not have jurisdiction and dissolved the injunction, and as I agree with the majority of the court in its consideration of the proof, I concur in the judgment.